UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALLAN LANSBURY, #701163,

                        Plaintiff,

                -against-

DA JAMES CATTERSON, ADA JOHN PURDENTI,
ADA GERARD CUSHING, ADA BARBARA LEE,

                        Defendants.
------------------------------------------------------------------X
ALLAN LANSBURY, #701163,

                        Plaintiff,

                -against-

EDWARD VITALE,

                        Defendant.
------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
16-CV-4875 (JMA) (GRB)

FILED
CLERK

2/7/2017 3:04 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

16-CV-4876 (JMA) (GRB)

**AZRACK, United States District Judge:**

On August 24, 2016, incarcerated pro se plaintiff Allan Lansbury ("plaintiff") filed two in

forma pauperis complaints pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation

of his constitutional rights in connection with an underlying criminal case.   Both complaints were

deficient in that plaintiff did not file the required Prisoner Litigation Reform Act ("PLRA")

authorization form.   Accordingly, by Notice of Deficiency dated August 30, 2016, the Court

apprised plaintiff in each case to complete and return the enclosed PLRA form in order to proceed

with his complaints.   (16-CV-4875, Docket Entry No. 3; 16-CV-4876, DE No. 3.)   On

September 14, 2016, plaintiff timely filed the PLRA in each case.   (16-CV-4875, DE No. 7;

16-CV-4876, DE No. 7.)

The first complaint ("Lansbury I") is against former Suffolk County District Attorney

1

James Catterson and three assistant district attorneys, John Purdenti, Gerard Cushing, and Barbara Lee.[1]  Plaintiff's other in forma pauperis complaint ("Lansbury II") is against his former criminal defense attorney, Edward Vitale, who is alleged to have represented plaintiff in the underlying criminal matter.  Because these complaints concern the same underlying criminal case and are almost identical, the Court consolidates them under the first filed complaint, 16-CV-4875, and directs that the case assigned docket number 16-CV-4876 be closed.  All future filings shall be made only under docket number 16-CV-4875.

For the reasons that follow, the Court grants plaintiff's requests to proceed in forma pauperis and sua sponte dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b).

## I.    BACKGROUND[2]

Plaintiff's sparse allegations seek to challenge his criminal conviction in Suffolk County court under Criminal Court Index #96-487144.  According to the complaints, plaintiff pleaded guilty by reason of insanity and was "told by [his] lawyer in the court room [he] would be home in 2 years [and] 20 years later [he is] still locked up."   (Lansbury I Compl. at 4; Lansbury II Compl. at 4.)  Plaintiff does not include any allegations against any of the prosecutor-defendants, nor are they mentioned in the body of the complaints.   With regard to plaintiff's allegations against his defense attorney, Vitale, plaintiff claims that:   "My lawyer did not do well defrend me.  He did not put a good fighter up in my defrense.  He should looked more at the evidence paperwork form

---

[1]  The Court notes that DA Catterson died in 2007.

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order.   See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).  Excerpts from the complaints are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

the crime lab.   He did not do what he was supposed to do."   (Lansbury I Compl. at 4; Lansbury II Compl. at 4.)

In the space on the form complaints that calls for a description of any claimed injuries and any medical treatment that was required and/or provided, plaintiff alleges: "I been abused and assault in the Suffolk County Jail and required stiches 2X times in 1997-1998.   And at Kirby Forensic Psychiatric Center I was assault 2 or more times and required stiches 2X is 2005-2009." (Lansbury I Compl. ¶ II.A; Lansbury II Compl. ¶ II.A.)   For relief, plaintiff seeks to be "release[d] to society or transfer[red] to a less secure facility" and a monetary damages award in total sum of $4.5 million.   (Lansbury I Compl. ¶ III; Lansbury II Compl. ¶ III.)

## II.    DISCUSSION

### A.    In Forma Pauperis Applications

Upon review of plaintiff's declarations in support of the applications to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence these actions without prepayment of the filing fees.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's applications to proceed in forma pauperis are granted.

### B.    Legal Standard

The PLRA requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes

3

such a determination.   28 U.S.C. § 1915A(a).

Pro se submissions are afforded wide latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers . . .."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).   A court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id.   (quoting Twombly, 550 U.S. at 555).

**C.    Standard for § 1983**

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

4

States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law . . . ." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in order to state a claim for relief under § 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

## 1.    Claims Against DA Catterson and ADAs Purdenti, Cushing, and Lee

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–40 (2d Cir. 1977) & Quern v. Jordan, 440 U.S. 332, 340–42 (1979)). Where, such as here, a district attorney or an assistant district attorney is sued for

5

damages in his official capacity, the suit is construed as being against the State of New York.    See Amaker v. N.Y. State Dep't. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993)).    Thus, the Eleventh Amendment precludes any claim for monetary damages against DA Catterson and ADAs Purdenti, Cushing, and Lee in their official capacities.    See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

However, suits against state officials in their official capacities are permitted for prospective injunctive relief to stop ongoing violations of federal law.    Mary Jo C. v. N.Y. State & Local Ret.Sys., 707 F.3d 144, 166 (2d Cir. 2013).    Thus, to the extent plaintiff seeks prospective injunctive relief—namely to be released from custody, or to be moved to a less secure facility— against DA Catterson and ADAs Purdenti, Cushing, and Lee, such claims are not barred by the Eleventh Amendment.    However, § 1983 does not provide such relief.    See, e.g., Allen v. New York, 15-CV-3653, 2015 WL 6507477, at *5 n.2 (E.D.N.Y. 2015) ("Insofar as the complaint may be liberally construed as seeking plaintiff's release from incarceration[], such relief is unavailable under Section 1983.").

Additionally, suits against state officials in their personal capacities are permitted for money damages.    Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").    However, DA Catterson and ADAs Purdenti, Cushing, and Lee are not liable for any alleged violations because they are all shielded by absolute prosecutorial immunity.    It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating

and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotation marks and citations omitted). "Once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive." Id. Here, plaintiff's claims relate solely to the actions of these defendants in the underlying state court criminal prosecution and thus are barred by prosecutorial immunity.

Plaintiff has failed to state claims against DA Catterson and ADAs Purdenti, Cushing, and Lee. Accordingly, all claims against these defendants are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1)–(2).[3]

## 2.    Claims Against Vitale

As noted above, see supra at 4–5, in order to state a § 1983 claim, a plaintiff must allege, among other things, that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, Vitale is alleged to be plaintiff's criminal defense attorney in an underlying state court criminal matter. It is well established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez, 116 F.3d at 66. Thus, because Vitale was performing a lawyer's traditional functions while representing plaintiff, he did not act under color

---

[3] Moreover, given that plaintiff seeks to challenge conduct alleged to have occurred some twenty (20) years ago, such claims are likely barred by the three (3) year statute of limitations applicable to § 1983 claims. See Owens v. Okure, 488 U.S. 235, 249–50 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Additionally, to the extent that plaintiff seeks to challenge his criminal conviction, the exclusive vehicle for doing so is a habeas corpus petition, not a § 1983 civil complaint.

of state law.

A private actor, such as Vitale, may still be considered to be acting under color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'"  Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).  Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights.  Id. at 323–24.  To state a plausible § 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Id. at 324–25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).  Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could construe (1) joint action by Vitale with a state actor or (2) an agreement with a state actor to deprive plaintiff of some constitutional right.

Because Vitale is not a state actor and plaintiff has not alleged plausible joint activity or conspiracy claims, there is no legal basis for a § 1983 claim against him.  See, e.g., Polk Cty., 454 U .S. at 325.  Accordingly, plaintiff's § 1983 claim against Vitale fails as a matter of law and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b).

**D.    Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999)).  Indeed, "[a] pro se plaintiff who brings a civil rights action should be 'fairly freely'' afforded an opportunity to amend his complaint . . . ."  Boddie v. N.Y.

State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).   Yet "while pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citing Hassan v. United States Dep't of Veteran Affairs, 137 F. App'x 418, 420 (2d Cir. 2005)).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaints.   Because the deficiencies noted above could not be cured in an amended complaint, leave to file an amended complaint would be futile.   The Clerk of Court is directed to close this case.

## III.    CONCLUSION

For the forgoing reasons, the plaintiff's applications to proceed in forma pauperis are granted, but the complaints are sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).s

**SO ORDERED.**

Dated:   February 7, 2017
             Central Islip, New York

    _/s/ JMA_____
Joan M. Azrack
United States District Judge